IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| HERBERTO SPENCER JR., | § | |
| TDCJ # 1652955, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | EP-14-CV-274-DCG |
| | § | |
| WILLIAM STEPHENS,[1] | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Herberto Spencer Jr.'s *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1).[2] In his petition, Spencer, a state prisoner at the James Lynaugh Unit in Fort Stockton, Texas, with a projected release date of September 26, 2025, challenges Respondent William Stephens's custody over him based on a conviction in the 205th Judicial District Court of El Paso County, Texas, for indecency with a child.[3] In an answer with brief in support, Stephens maintains that Spencer's "claims are barred

---

[1] Spencer originally named Brad Livingston, Executive Director of the Texas Department of Criminal Justice, as the Respondent. In a habeas proceeding brought by a prisoner, the proper respondent is the person with immediate physical custody of the prisoner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). William Stephens is the Director of the Correctional Institutions Division with immediate custody and authority to produce Spencer; thus, he is the party appropriately substituted in place of Livingston.

[2] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in this case. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

[3] *State v. Spencer*, Cause No. 20080D05822 (205th Dist. Ct. El Paso Cnty., Tex. June 16, 2010), *aff'd*, No. 08–10–00262–CR, 2011 WL 6093381 (Tex. App.—El Paso 2011, pet. ref'd).

by the statute of limitations."[4] After carefully reviewing the record and for the reasons discussed below, the Court finds that Spencer's petition is untimely and that he is not entitled to equitable tolling. The Court will accordingly deny Spencer's petition and decline to certify his issues for appeal.

## BACKGROUND AND PROCEDURAL HISTORY

Sometime after June 1, 2008, an eight-year-old girl walked out of St. Joseph's Church in El Paso, Texas, with Spencer, an adult male who had befriended her during previous visits to the church. The girl had her mother's permission to go with Spencer so that he could take pictures of her in front of the church's statute of the Virgin of Guadalupe. The girl later claimed that once they got outside, Spencer started carrying her and "put his hand under my bottom, like he put his hand like under my legs, like in the middle of my legs."[5] She also described how he made a huffing noise as he touched her genitals and anus.[6] On June 22, 2008, the girl reported the incident to her mother. Her father called the police.

A state grand jury returned an indictment charging Spencer with indecency with a child by contact. Spencer pleaded not guilty and proceeded to trial. His first trial resulted in a mistrial due to a hung jury.[7] His second trial resulted in a guilty verdict. The trial court sentenced Spencer to seventeen years in prison. The Eighth Court of Appeals affirmed his conviction.[8]

---

[4] Resp't's Answer 1, ECF No. 4, Sept. 25, 2014.

[5] *Spencer v. State*, No. 08-10-00262-CR, 2011 WL 6093381, at *4 (Tex. App.—El Paso 2011, pet. ref'd).

[6] *Id.*

[7] Pet'r's Pet. 8, ECF No. 1, July 21, 2014.

[8] *Spencer*, 2011 WL 6093381, at 5.

The Texas Court of Criminal Appeals refused Spencer's petition for discretionary review on April 18, 2012.[9] Spencer filed a motion for an extension of time to file a motion for rehearing, which was denied, and when he did not file a motion for a rehearing, the Court of Criminal Appeals finally disposed of the petition for discretionary review on May 29, 2012.[10] Spencer did not thereafter seek certiorari.

Spencer submitted a state application for a writ of habeas corpus on May 24, 2012, which the Court of Criminal Appeals dismissed on October 3, 2012, because it had not finally disposed of his petition for discretionary review at the time he filed it.[11] Spencer mailed a second state writ application on November 30, 2012, which the Court of Criminal Appeals denied without a written order on February 20, 2013.[12] Spencer submitted a third state writ application on April 29, 2013, which the Court of Criminal Appeals dismissed on July 24, 2013, after it found, pursuant to Texas Code of Criminal Procedure article 11.07, section 4, that it was a subsequent application.[13]

Mindful of Spencer's *pro se* status, the Court understands him to assert four grounds for relief in his federal petition. First, he claims the district clerk interfered with his state writ application by failing to forward 81 pages of trial transcript to the Texas Court of Criminal

---

[9] *Spencer v. State*, No. PD-1922-11 (Tex. Crim. App. 2012) (not designated for publication).

[10] Resp't's Answer, Ex. A (Court of Criminal Appeals' electronic docket: http://www.search.txcourts.gov/Case.aspx?caseid=f401b7c1-a64b-457c-9660-916be77bdddb&coa=coscca&p=1).

[11] *Ex parte Spencer*, WR-78,413-01 (Tex. Crim. App. Oct. 3, 2012).

[12] *Ex parte Spencer*, WR-78,413-02 (Tex. Crim. App. Feb. 20, 2013).

[13] *Ex parte Spencer*, WR-78,413-03 (Tex. Crim. App. July 24. 2013).

Appeals. Second, he argues the trial court erred when it failed to require juror unanimity. Third, he asserts the prosecutor engaged in misconduct by calling a witness for the sole purpose of eliciting testimony concerning his prior conviction in Webb County, Texas, for committing a sexual performance with a child. Finally, he maintains the State subjected him to double jeopardy by twice prosecuting him for the same offense.

## APPLICABLE LAW

"[C]ollateral review is different from direct review,"[14] and the writ of habeas corpus is "an extraordinary remedy"[15] reserved for those petitioners whom "society has grievously wronged."[16] It "is designed to guard against extreme malfunctions in the state criminal justice system."[17] Accordingly, the federal habeas courts' role in reviewing state prisoner petitions is exceedingly narrow. "Indeed, federal courts do not sit as courts of appeal and error for state court convictions."[18] They must generally defer to state court decisions on the merits[19] and on procedural grounds.[20] They may not grant relief to correct errors of state constitutional, statutory,

---

[14] *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993).

[15] *Id.*

[16] *Id.* at 634.

[17] *Id.* (citing Justice Stevens's concurrence in *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

[18] *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

[19] *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

[20] *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

or procedural law, unless a federal issue is also present.[21]

Furthermore, claims under § 2254 are generally subject to a one-year statute of limitations.[22] The limitations period runs from the latest of four different events: (1) when "the judgment became final," (2) when "the impediment to filing an application created by the State action in violation of the Constitution and laws of the United States is removed, if the applicant was prevented from filing by such State action," (3) when "the constitutional right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," or (4) when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."[23] "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . [including] the time limits upon its delivery . . . ."[24]

The limitations period is tolled by statute when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."[25] Additionally, the limitations period is not jurisdictional and is subject to equitable tolling.[26] Equitable tolling is not, however, available for " 'garden variety claims of excusable

---

[21] *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

[22] *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

[23] *Id.* §§ 2244(d)(1)(A)–(D).

[24] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

[25] 28 U.S.C. § 2244(d)(2).

[26] *See Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

neglect.' "[27] It is justified only " 'in rare and exceptional circumstances.' "[28] Such circumstances include situations in which a petitioner is actively misled by the respondent " 'or is prevented in some extraordinary way from asserting his rights.' "[29] Moreover, " '[e]quity is not intended for those who sleep on their rights.' "[30] Rather, " '[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.' "[31] Furthermore, a petitioner has the burden of proving that he is entitled to equitable tolling.[32] In order to satisfy his burden, he must show " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' " of timely filing his § 2254 motion.[33] Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion.[34] The limitation and the tolling provisions of § 2244 "promote[ ] the exhaustion of state remedies while respecting the interest in

---

[27] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[28] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[29] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[30] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[31] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

[32] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

[33] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[34] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

the finality of state court judgments."[35]

With these principles in mind, the Court turns to Spencer's petition.

## ANALYSIS

As an initial matter, Spencer does not indicate that any unconstitutional "State action" prevented him from filing for federal relief.[36] Further, his claims do not concern a constitutional right recognized by the Supreme Court and made retroactive to cases on collateral review.[37] Moreover, his claims were clearly discoverable, through the exercise of due diligence, while his state writ application was still pending.[38] Thus, Spencer's limitations period began to run when his judgment of conviction became final.[39]

The Texas Court of Criminal Appeals refused Spencer's petition for discretionary review on April 18, 2012. His conviction, therefore, became final ninety days later on July 17, 2012, when the time for seeking further direct review expired.[40] Therefore, absent statutory or equitable tolling, the one-year limitations period for filing a federal petition expired on July 17, 2013.[41]

---

[35] *Carey v. Saffold*, 536 U.S. 214, 220 (2002) (quoting *Duncan v. Walker*, 533 U.S. 167, 178 (2001)).

[36] 28 U.S.C. § 2244(d)(1)(B).

[37] *Id.* § 2244(d)(1)(C).

[38] *Id.* § 2244(d)(1)(D).

[39] *Id.* § 2244(d)(1)(A).

[40] *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012); *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008); Sup. Ct. R. 13.1.

[41] *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (holding that Rule 6(a) of the Federal Rules of Civil Procedure applies to the computation of the one-year limitation period in 28 U.S.C. §2244(d)).

"The time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation under this subsection."[42] This tolling, however, includes only properly filed applications for state habeas corpus.[43] In this case, Spencer's initial application was not properly filed, and did not toll the limitations, because the Court of Criminal Appeals "does not have jurisdiction to consider an application for writ of habeas corpus pursuant to Art. 11.07 until the felony judgment from which relief is sought becomes final."[44] Spencer's properly-filed second writ application, signed on November 30, 2012, tolled limitations for 83 days until its denial on February 20, 2013.[45] Likewise, Spencer timely filed his third writ application before the expiration of limitations, and it tolled limitations for 87 days from April 29, 2013 until July 24, 2013.[46] Adding the 170 days of tolling to Spencer's July 7, 2013, deadline extended the limitations period until December 24, 2013. When Spencer signed and presumably mailed his federal petition through the prison mail system on July 15, 2014, it was over six months too late. Therefore, absent equitable tolling, his

---

[42] 28 U.S.C. § 2244(d)(2).

[43] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings").

[44] *Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004) (quoting *Ex parte Johnson*, 12 S.W.3d 472, 473 (Tex. Crim. App. 2000)).

[45] *See Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009) ("[A] state petition for habeas relief is 'pending' for . . . tolling purposes on the day it is filed through (and including) the day it is resolved.").

[46] *See Villegas v. Johnson*, 184 F.3d 467, 473 (5th Cir. 1999) (finding a second state habeas petition, although dismissed as successive, was properly filed).

petition is time barred.[47]

A petitioner seeking equitable tolling of an untimely habeas petition bears the burden of establishing both " '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[48] In his reply to Stephens's response, Spencer asserts—incorrectly—that the limitations began when the Court of Criminal Appeals denied his third state writ application:

> The one-year statute of limitations began to run on Wed. July 24, 2013 when my subsequent application for 11.07 writ of habeas corpus (WR-78,413-03) was dismissed without written order by the Court of Criminal Appeals in Austin. The time to seek further review had not expired. My habeas application was properly filed. It was delivered and accepted in compliance with the applicable laws and rules governing filings. It was not erroneously accepted by a clerk of the court lacking jurisdiction.
> I sent my petition for a 28 U.S.C. § 2254 writ of habeas corpus on Tuesday July 15, 2014 (first class mail). I calculated that it arrived at the Federal District Court (El Paso) on July 18, 2014. After being reviewed it was filed on July 28, 2014, well within the one-year statute of limitations.[49]

As the Court thoroughly discussed above, the date the Court of Criminal Appeals denied Spencer's state writ application was *not* the date the limitations began to run; the time the properly-filed petition was pending merely tolled the limitations. Further, Spencer's decision to delay filing his federal petition until ten days from one-year anniversary of the day the Court of Criminal Appeals denied his third state writ application hardly demonstrates diligence.[50] Finally,

---

[47] 28 U.S.C. foll. § 2254 Rule 3(d).

[48] *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

[49] Pet'r's Reply 5–6, ECF No. 6, Oct. 8, 2014.

[50] *Palacios v. Stephens*, 723 F.3d 600, 605 (5th Cir. 2013) (finding a seven-month delay in finding an attorney to initiating state habeas proceedings was unreasonable).

Spencer has not alleged some extraordinary circumstance prevented him from timely filing his federal petition.

The Court concludes, therefore, that Spencer's petition is time-barred, that he is not entitled to equitable tolling, that he is not actually innocent, and that it need not address the merits of his claims.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[51] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[52] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which a certificate of appealability is granted.[53] Although Spencer has not yet filed a notice of appeal, this Court must nonetheless address whether he is entitled to a certificate of appealability.[54]

A certificate of appealability "may issue . . . only if the applicant has made a substantial

---

[51] 28 U.S.C. § 2253(c)(1).

[52] See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[53] See 28 U.S.C. §2253(c)(3) ("The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required[.]"); see also United States v. Kimler, 150 F.3d 429, 431, and n.1 (5th Cir. 1998) (explaining it is well established that a circuit judge may address an issue not certified by a district court if the petitioner makes (1) an explicit request, and (2) a substantial showing of the denial of a constitutional right).

[54] See 28 U.S.C. foll. §2254 Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

showing of the denial of a constitutional right."[55] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[56] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[57] Here, Spencer is not entitled to a certificate of appealability because jurists of reason would not find the Court's procedural or substantive ruling debatable.

## CONCLUSION AND ORDERS

After carefully reviewing the record, the Court finds that Spencer's claims are time-barred and he is not entitled to equitable tolling. The Court therefore concludes that Spencer is not entitled relief under 28 U.S.C. § 2254. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Spencer's *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1) is **DENIED** and his civil cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Spencer is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**IT IS ALSO ORDERED** that all pending motions, if any, are **DENIED AS MOOT**.

---

[55] 28 U.S.C. § 2253(c)(2); *Gonzalez v. Thaler*, 132 S. Ct. 641, 646 (2012).

[56] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[57] *Id.*

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED**.

SIGNED this ___29___ day of June 2015.

                                                  DAVID C. GUADERRAMA
                                                **UNITED STATES DISTRICT JUDGE**